# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN ANTIDORMI MORAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA),<br><br>    Defendant. | NO. 3:18-CV-2085<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is the Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 8) filed by Defendant United Services Automobile Association ("USAA" or "Defendant"). Plaintiff Lauren Antidormi Moran ("Moran" or "Plaintiff") commenced this action against Defendant, the issuer of her automobile insurance policy, after she sustained injuries in an automobile accident with an uninsured motorist. Plaintiff contends that Defendant has breached the terms of the insurance agreement and acted in bad faith in violation of Pennsylvania law, 42 Pa. C.S.A. § 8371, in failing to offer a reasonable amount of uninsured motorist benefits. Defendant has moved to dismiss the bad faith claim. Because Plaintiff does not plead any facts to support a finding of bad faith, the motion to dismiss will be granted, but Plaintiff will be given the opportunity to file an amended complaint to set forth sufficient facts to state a plausible bad faith claim.

## I. Background

The facts as alleged in the Complaint are as follows:

On February 8, 2018, Plaintiff was injured in a motor vehicle accident in Lackawanna County, Pennsylvania with Thomas Conklin, an uninsured motorist. (*See* Doc. 1-2, ¶¶ 3, 5). Plaintiff sustained a herniated disk, emotional distress, and an anular tear from the accident. (*See id*. at ¶ 10). At the time, Plaintiff was insured

under an automobile policy issued by Defendant. (*See id*. at ¶ 4). That policy included uninsured motorist coverage. (*See id*.).

Plaintiff sought to arbitrate her claim for uninsured motorist benefits, but Defendant denied that request. (*See id*. at ¶ 8). Defendant offered $6,000.00 to resolve the uninsured motorist claim on August 20, 2018, and, just over a week later, increased that offer to $10,000.00 without any additional evidence. (*See id*. at ¶ 11 and Exs. "A"-"B").

On September 26, 2018, Plaintiff commenced litigation by filing her complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania asserting claims for breach of contract (Count I) and bad faith (Count II). (*See* Doc. 1-2, *generally*). Defendant timely removed the action to this Court. (*See* Doc. 1, *generally*). On November 5, 2018, Defendants filed a motion to dismiss the bad faith claim. (*See* Doc. 2, *generally*). The motion to dismiss has been fully briefed and is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2)

identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Defendant seeks dismissal of the bad faith claim in Count II of the Complaint. (*See* Doc. 2, *generally*). Pennsylvania law allows an insured party to receive damages and other relief if the insurer acts in bad faith toward the insured party. *See* 42 Pa. C. S. A. § 8371. Section 8371 states:

> § 8371. Actions on insurance policies
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

*Id*.

"[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994)). However, "proof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim under Section 8371 . . . . While such evidence is probative of the second *Terletsky* prong,

3

. . . the insurer's knowledge or recklessness as to its lack of a reasonable basis in denying policy benefits is sufficient. " *Id*.

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky,* 649 A.2d at 688-89. "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371 . . . ." *Rancosky*, 170 A.3d at 374. However, recklessness on the part of the insurer can support a finding of bad faith. *See id*.

As pled in the Complaint,

> Defendants' [sic] conduct and actions in repeatedly failing to pay underinsured [sic] benefits to plaintiff and/or to offer to settle Plaintiff's underinsured [sic] benefits claim, constitutes bad faith on the part of defendant toward its insured, Lauren Antidormi Moran, in that defendant:
>
> a. failed to promptly and reasonably respond to Plaintiff's counsel's demands for prompt payment of Plaintiff's underinsured [sic] benefits;
>
> b. unreasonably and vexatiously delayed consent to settle for claim under claim [sic] against the tortfeasor;
>
> c. failed to properly investigate Plaintiff's claim;
>
> d. failed to name an arbitrator as requested by Plaintiff's counsel and required under the terms of the policy;
>
> e. failed to exercise the utmost good faith and discharge of its statutory and contractual duties to the Plaintiff;
>
> f. failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's underinsured [sic] benefits claim;
>
> g. failed to adopt and implement reasonable standards for the prompt investigation and payment of underinsured [sic] benefits claim arising out of Plaintiff's automobile insurance contract; [and]
>
> h. failed to act promptly and [sic] timely fashion responding to Plaintiff's counsel.

(*See* Doc. 1-2, ¶ 27).

The bad faith claim in Count Two of the Complaint will be dismissed. Count II is premised largely on "bare-bones conclusory allegations which are not sufficient to state a bad faith claim." *Meyers v. Protective Ins. Co.*, No. 16-1821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017). Indeed, much of Defendants' alleged bad faith conduct has been found to constitute "legal conclusions rather than factual allegations." *Rickell v. USAA Cas. Ins. Co.*, No. 18-1279, 2018 WL 5809865, at *3 (M.D. Pa. Nov. 6, 2018). Plaintiff has pled no facts to support the allegations in Subparagraphs (c) and (h), and such averments have been held to be conclusory. *See id*. Likewise, the averments in Subparagraphs (a), (b), (f), and (g) "regarding how Defendant handled the claim after receipt are conclusory without additional factual support that would inform the court why Defendants actions are unreasonable." *See id*.; *see also Meyers*, 2017 WL 386644, at *9 ("Whether something is untimely (or, more precisely, unreasonably untimely) may be an element of a bad faith claim only to the extent that it itself has sufficient support; otherwise, an allegation that a claim was not timely paid and investigated is a legal conclusion which a court must disregard at a motion to dismiss stage."); *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010) ("knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim" is a legal conclusion). The alleged failure to appoint an arbitrator as "required under the terms of the policy" is also a legal conclusion. And, finally, Plaintiff's allegations that Defendant "acted in bad faith because it failed or refused to act in good faith . . . are not only conclusory, but are also circular and prove nothing." *Meyers*, 2017 WL 386644, at *9.

The Complaint, when stripped of its conclusory statements, alleges only: (1) Plaintiff had an automobile insurance policy with Defendant; (2) Plaintiff suffered injuries in an automobile accident caused by Thomas Conklin, an uninsured motorist, on February 8, 2018; (3) Plaintiff sought uninsured motorist benefits from Defendant; (4) on August 20, 2018, Defendant offered Plaintiff $6,000.00 to settle the claim; (5)

Defendant increased that offer to $10,000.00 the next week without being provided any additional documentation; and (6) a month later Plaintiff commenced this litigation. The claim, at its core, is that Defendant acted in bad faith in valuing the uninsured motorist claim. Without additional factual matter, such threadbare allegations do not state a violation of § 8371.

This point was explained in *Meyers* where the plaintiff claimed the insurer's valuation of the claim was unreasonable. *See Meyers*, 2017 WL 386644, at *8. The pleading here mirrors that which I found deficient in *Meyers*:

> Plaintiff does not allege facts to support the value of his claim. For example . . . he does not allege the amount of earnings he has lost or will likely lose in the future, and he has not alleged any relevant facts concerning his earning capacity, such as his age, education, employment status, or how his injury has affected his ability to work. Similarly, although Plaintiff alleges that he has incurred medical expenses, he does not allege anything about the amount of those expenses or what medical treatment he received or will likely need in the future.

*Meyers*, 2017 WL 386644, at *8 (alterations omitted) (quoting *Yohn v. Nationwide Ins. Co.*, No. 13-24, 2013 WL 2470963, at *7 (M.D. Pa. June 7, 2013)). Accordingly, Plaintiff's subjective belief as to the value of her claim is not indicative of bad faith "because Defendants' subjective belief as to the value of the claim may reasonably, and permissibly, differ." *Id*. Thus, absent additional factual allegations supporting how "Defendant failed to offer any reasonable amount of uninsured motorist benefits," (Doc. 1-2, ¶ 11), Plaintiff cannot proceed on a bad faith claim on this basis. *See Meyers*, 2017 WL 386644, at *8; *see also Rickell*, 2018 WL 5809865, at *4 ("The mere allegation that Plaintiffs provided documentation and Defendant has failed to make a reasonable settlement offer, however, does not support an inference of bad faith without additional factual support such as the complexity of the claim and the time passed between the date Plaintiffs supplied the necessary information and the date the complaint was filed."); *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3180743, at *6 (E.D. Pa. June 8, 2016) ("other than the conclusory allegation that

NJMIC failed to make a settlement offer, Camp posits no additional factual averments from which it could be found that NJMIC's failure to make an offer was in bad faith."); *Pfister v. State Farm Fire & Cas. Co.*, No. 11-799, 2011 WL 3163184, at *4 (W.D. Pa. July 26, 2011) (discrepancy in parties' valuation of claim "alone is not evidence of bad faith").

Plaintiff will, however, be given leave to file an amended complaint. Although she has not requested it and *sua sponte* leave is not required in non-civil rights cases in this Circuit, *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) ("we hold that in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint"), it is not clear that an amendment would be futile. Thus, in accordance with the dictates of Federal Rule of Civil Procedure 15(a)(2), Plaintiff will be given the opportunity to file an amended complaint. Plaintiff is reminded that if she elects to do so, she must set forth factual allegations and not rely simply on legal conclusions to support her bad faith claim.

## IV. Conclusion

For the above stated reasons, Defendant's motion to dismiss Count II of the Complaint will be granted. Plaintiff's bad faith claim will be dismissed without prejudice to Plaintiff filing an amended complaint within twenty-one (21) days to plead a plausible bad faith claim. Failure to do so will result in the dismissal of this claim with prejudice.

An appropriate order follows.

December 12, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

7